IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER W. STEFFEN,

    Plaintiff,

vs.                              No. CV 18-01060 KG/CG

ROOSEVELT COUNTY DETENTION CENTER,
WARDEN PORTER, ETAT (sic)

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the handwritten complaint ("Complaint") filed by Plaintiff Christopher W. Steffen on November 13, 2018 (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute.

Plaintiff, Christopher W. Steffen, filed this proceeding under "NMSA 42-2-22." (Doc. 1 at 1). The Complaint alleged that Defendants had violated Plaintiff's due process and constitutional rights, but the filing was not in proper form for a civil rights complaint under 42 U.S.C. § 1983 and was not signed by the Plaintiff. (Doc. 1 at 2-3). Plaintiff also did not pay the filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. On November 19, 2018, the Court ordered Plaintiff to cure these deficiencies within 30 days by filing a complaint in proper form and either paying the filing fee or submitting an application to proceed *in forma pauperis*. (Doc. 3). The Order advised Plaintiff that the Court could dismiss this proceeding without further notice if he failed to cure the deficiencies within the 30-day time period. (Doc. 3 at 2). The Court also sent Plaintiff the forms for submitting a § 1983 complaint and an

1

application under § 1915. (Doc. 3 at 2). More than 30 days elapsed after entry of the Court's Order to Cure Deficiencies and Plaintiff did not submit a complaint in proper form, pay the filing fee, submit an application to proceed under § 1915, or otherwise respond to the Court's November 19, 2018 Order.

D.N.M. LR-Civ. 83.6 requires parties to keep the Court advised as to their current address and to maintain contact with the Court. At the time it was filed, the Complaint stated that Plaintiff Steffen was incarcerated at the Roosevelt County Detention Center. (Doc. 1 at 2-3). However, a review of the Roosevelt County Detention Center records indicates that Plaintiff Steffen was released from Roosevelt County custody and he has not provided the Court with any current address. Further, Plaintiff Steffen has not communicated with the Court since filing the Complaint on November 13, 2018.

Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Plaintiff has failed to either pay the $5.00 filing fee or submit an application to proceed under § 1915. Plaintiff was directed to comply with the statutory requirements or show cause why he should not be required to do so. (Doc. 3). Plaintiff failed to comply with or respond to the Court's Order.

Pro se litigants also are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff Steffen has not kept the Court apprised of his proper mailing address and has not communicated or maintained any contact with the Court since filing the Complaint on November 13, 2018.

Plaintiff Steffen has failed to comply with the Court's order, statutory provisions, including 28 U.S.C. § 1915, the local rules, and has failed to prosecute this action. The Court will dismiss this action under Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the rules of civil procedure or local rules, statutes, and court orders. *Olsen v. Mapes*, 333 F.3d at 1204, n. 3.

**IT IS ORDERED** that the handwritten Complaint filed by Plaintiff Christopher W. Steffen (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with rules, statutes, and the Court's Order, and failure to prosecute.

_____
UNITED STATES DISTRICT JUDGE